IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| SHAWN K. ODNEAL § | |
|     TDCJ-CID #917382 § | |
| v. § | C.A. NO. C-09-070 |
| § | |
| R. HINOJOSA, ET AL. § | |

## ORDER OF DISMISSAL

In this civil rights action pursuant to 42 U.S.C. § 1983, plaintiff Shawn K. Odneal is challenging as unconstitutional a prison disciplinary hearing that resulted in his loss of recreation and commissary privileges, and a reduction in his time earning classification. (D.E. 1).

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 10 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee, or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's pro se complaint must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Applying these standards, plaintiff's claims are dismissed with prejudice for failure to state a claim. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331. Upon consent of the plaintiff, (D.E. 7), this case was referred to a magistrate judge to conduct all further proceedings, including entry of final judgment. (D.E. 8); see also 28 U.S.C. § 636(c).

## II. BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS

Plaintiff is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), and is currently confined at the McConnell Unit in Beeville, Texas. He filed this lawsuit on April 8, 2009, and named as defendants Officer R. Hinojosa and Captain Puentes. A Spears[1] hearing was held on April 22, 2009. The following allegations were made in plaintiff's original complaint, (D.E. 1), or at the hearing:

On November 17, 2008, plaintiff was sitting on the floor between 5-cell and 6-cell while officers were performing "an ingress and egress of the cells." Defendant Officer Hinojosa approached plaintiff and, while cursing, asked if some property outside of 5-cell belonged to him. Plaintiff thought Officer Hinojosa was talking about his books and he answered yes. Officer Hinojosa then ordered plaintiff to put the property in his cell, and he opened the door to 5-cell. Plaintiff then realized that Officer Hinojosa was referring to the property outside of 5-cell, and not his books. Before plaintiff had a chance to say that the property was not his, another offender, J. Kimberlin, approached Officer Hinojosa and asked why he was ordering plaintiff to put away his cellmate's property. Officer Hinojosa then ordered plaintiff to get his

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

books off the floor and to move to a table.  Plaintiff responded that Officer Hinojosa did not need to curse.  Officer Hinojosa stood over plaintiff in a threatening manner and dared him to start a fight.  Plaintiff then requested rank.  Officer Hinojosa left, and returned two minutes later with a sergeant.  Later, plaintiff was charged with threatening Officer Hinojosa and then taken to pre-hearing detention in handcuffs.

Plaintiff was charged with threatening an officer.  Plaintiff was appointed Mrs. Bryant as his counsel substitute, and he asked her to get statements from witnesses to the incident.

On November 26, 2008, at approximately 5:00 a.m., plaintiff was awakened by an officer who asked if he wanted to attend the disciplinary hearing.  As he was being escorted to the hearing, defendant Captain Puentes saw him in the hallway and asked the escorting officer if plaintiff was the offender who had threatened an officer.  Thereafter, Captain Puentes entered the hearing room to preside as the disciplinary hearing officer.  Off the record, plaintiff asked Captain Puentes if he could be unbiased because he was defendant Hinojosa's supervising officer at the time of this incident.  Captain Puentes responded that "I don't know why not."

Officer Hinojosa testified by telephone relating that plaintiff had threatened him because he did not want to move off the floor, and he confirmed that plaintiff asked for rank.  Defendant Puentes as the disciplinary hearing officer asked Officer Hinojosa why plaintiff would ask for rank if he had threatened an officer.  Defendant Hinojosa had no answer.

After deliberating, the defendant Captain Puentes found plaintiff guilty.  As punishment, plaintiff received 45 days of recreation and commissary restriction, and was demoted in line class from S-3 to S-4.

Plaintiff asserts that he was denied due process at the disciplinary hearing in violation of his First and Fourteenth Amendment rights. He claims that he was denied the right to call live witnesses, and that there is no evidence to support the guilty finding. For relief he seeks a declaratory judgment that defendants violated his rights; an injunction ordering the TDCJ-CID to overturn the unfavorable disciplinary decision and to restore his time earning classification; and compensatory and punitive damages.

### III.  DISCUSSION

**A.     Legal Standard For A Civil Rights Action Pursuant To 42 U.S.C. § 1983.**

Federal law provides for <u>sua sponte</u> dismissal if the Court finds that the complaint is frivolous or that it fails to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a); 42 U.S.C. § 1997e(c)(1). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

The Supreme Court has established that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>see also</u> <u>Biliski v. Harborth</u>, 55 F.3d 160, 162 (5th Cir. 1995). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. <u>Oliver v. Scott</u>, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. <u>Id.</u> (citation omitted).

**B.      Plaintiff Failed To State A Claim Pursuant To § 1983.**

The Constitution does not expressly guarantee due process protection for good time credits earned by satisfactory behavior while in prison. Wolff v. McDonnell, 418 U.S. 539, 557 (1974); Teague v. Quarterman, 482 F.3d 769, 774 (5th Cir. 2007) (citing Wolff, 418 U.S. at 557). However, if a state statutory scheme creates a right to good time credits, then the revocation of earned credits must be accorded due process protections. Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) (citing Wolff, 418 U.S. at 557); accord Teague, 482 F.3d at 774 (citation omitted). Specifically, a prisoner is entitled to at least the minimum procedures appropriate under the circumstances and required by the Due Process Clause to ensure that the state-created right is not arbitrarily abrogated. Madison, 104 F.3d at 768 (citing Wolff, 418 U.S. at 557); accord Teague, 482 F.3d at 774 (citation omitted). Therefore, when a state inmate enjoys a constitutional expectancy to an early release from prison based on the accumulation of good time credits, he has a protected liberty interest and is entitled to due process before he may be deprived of such credits. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 453 (1985). This right exists even if the amount of good time credits at issue seem insignificant or *de minimis* in relation to the length of the inmate's sentence. Teague, 482 F.3d at 777-78. That is, there is no insignificant or *de minimis* loss of good time credits, and an inmate may challenge the revocation of those credits on the grounds he was denied due process. Id.

Here, plaintiff does not allege that he lost any good time credits. In contrast to good time credits, a prisoner does ***not*** have ***a*** protected liberty interest in prison privileges, time classification, or housing. See Sandin v. Conner, 515 U.S. 472, 483-84 (1995) (due process protections do not attach to ordinary prison disciplinary cases, but only those which serve to

lengthen the inmate's sentence or exceed its expected parameters).  The fact that plaintiff lost 45 days of commissary and recreation privileges fails to implicate due process, and as such, fails to state a constitutional violation.  See Madison, 104 F.3d at 768 (30-day commissary and cell restriction does not implicate due process clause); accord Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000) (citing Preiser v. Rodriguez, 411 U.S. 475, 493 (1973)).  Similarly, the reduction in the rate at which an inmate earns good time credits is not actionable.  Malchi, 211 F.3d at 957-59 (prisoner has no constitutionally cognizable right to a particular time earning status, and only sanctions that result in the loss of good time credits for inmates who are eligible for release on mandatory supervision will raise a liberty interest).  Thus, because none of plaintiff's punishments implicate due process protections, he has failed to state a cognizable § 1983 claim.

## IV.  CONCLUSION

Because plaintiff fails to state a claim on which relief can be granted, his claims are barred by 28 U.S.C. § 1915(e)(2).  Accordingly, plaintiff's claims are dismissed with prejudice.

ORDERED this 29th day of April 2009.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE